Susan **MESSINGER**, et al, Plaintiffs—Appellee,

v.

**U.S. BANCORP**, Defendant—Appellant.

No. 04–35548.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 27, 2006.

Filed Oct. 6, 2006.

Paul Burns, Esq., Spokane, WA, for Plaintiff–Appellee.

Annjanette M. Cooper, Esq., Julie S. Lucht, Esq., Perkins Coie, LLP, Seattle, WA, for Defendant–Appellant.

Before: RAWLINSON and CLIFTON, Circuit Judges, and MARSHALL *, District Judge.

* The Honorable Consuelo Bland Marshall, Sen-    ior United States District Judge for the Cen-

## MEMORANDUM **

In this diversity action, U.S. Bancorp (Bancorp) appeals the district court's award of damages and attorney fees to plaintiff Susan Messinger (Messinger) for wrongful discharge.

■ **1.** Because the employee handbook contained language that progressive counseling *"will* provide [the employee] with a reasonable opportunity to make the necessary improvements in order to succeed," the district court's finding that the handbook promised progressive counseling was not clearly erroneous. *See Brown v. Scott Paper Worldwide Co.,* 143 Wash.2d 349, 20 P.3d 921, 929 (2001) (en banc).

■ **2.** The district court did not clearly err in determining that Bancorp failed to effectively disclaim any intention to make the progressive counseling provision part of the employment agreement. Under Washington law the effect of an attempted disclaimer may be negated if other evidence "indicate[s] that the disclaimer was to be disregarded." *Carlson v. Lake Chelan Community Hospital,* 116 Wash. App. 718, 75 P.3d 533, 541 (2003); *see also, Kuest v. Regent Assisted Living, Inc.,* 111 Wash.App. 36, 43 P.3d 23, 31 (2002). Such other evidence was presented by Messinger, including testimony that managers were expected to utilize progressive counseling.

■ **3.** Substantial evidence in the record also supports the conclusion that Messinger justifiably relied on Bancorp's promise of progressive counseling because she was aware of the specific promise and she was "induced" thereby "to remain on the job and not seek other employment," as required under the standard reiterated by the Supreme Court of Washington in *Korslund v. Dyncorp Tri–Cities Services, Inc.,* 156 Wash.2d 168, 125 P.3d 119, 131 (2005) (en banc). The district court did not articulate, nor is there record evidence that it relied upon, a different standard of reliance, and *Korslund* did not purport to overrule any of the Washington cases upon which the district court relied.[1]

■ **4.** Because lost earnings and benefits are a reasonable measure of damages for wrongful discharge, *see Ford v. Trendwest Resorts, Inc.,* 146 Wash.2d 146, 43 P.3d 1223, 1228 (2002) (en banc), and forfeited employee benefits are also properly included in such an award of damages, *see Knox v. Microsoft Corp.,* 92 Wash.App. 204, 962 P.2d 839, 841 (1998), the district court's determination of damages was neither speculative nor otherwise erroneous.[2]

■ **5.** Bancorp's assertion that Messinger failed to mitigate her damages fails because Bancorp did not meet its burden of showing that suitable jobs were available to Messinger. *See Henningsen v. Worldcom, Inc.,* 102 Wash.App. 828, 9 P.3d 948, 958 (2000). A plaintiff is not required to work at a similar job to mitigate her losses, and the fact that the employee starts her own business or earns less at a replacement job does not indicate failure to take reasonable action to mitigate dam-

---

tral District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Bancorp's post-trial argument that Messinger's reliance was only for a two-week period is unpersuasive in view of the evidence at trial that Messinger received a handbook annually, and no evidence that the progressive counseling provision was of recent vintage.

2. The district court also explicitly found that Messinger did not violate Bancorp's Account Transaction Policy and, therefore, committed no terminable offense.

ages. *See Kloss v. Honeywell, Inc.,* 77 Wash.App. 294, 890 P.2d 480, 485 (1995).

■ 6. The award of attorney fees to Messinger was not an abuse of discretion because Wash. Rev.Code § 49.48.030 provides for reasonable attorney fees in a wrongful termination action when the damages award was predicated upon lost wages and benefits. *See* Wash. Rev.Code § 49.48.030; *see also, Gaglidari v. Denny's Restaurants, Inc.,* 117 Wash.2d 426, 815 P.2d 1362, 1375 (1991) (en banc).

**AFFIRMED.**

KLEINFELD, Circuit Judge:

I respectfully dissent.

The employee handbook plainly and expressly says that the "policies and procedures do not constitute a contractual obligation" and that Messinger's "employment with the company is an at will relationship." It explains that "at will" means "U.S. Bancorp may terminate any employee, at any time, for any reason." Messinger understood that the policy of progressive discipline was not a commitment binding upon the bank. Under Washington law, her employment was at will and the company policies were not promises binding upon the company.[3] Because her employment was terminable at will, it does not matter whether U.S. Bancorp was right or wrong about whether she violated the rule against employees acting on their own accounts.

Accordingly, I would reverse.

---

**3.** *Stewart v. Chevron Chem. Co.,* 762 P.2d 1143, 1145–1146, 111 Wash.2d 609 (Wash. 1988); *Korslund v. Dyncorp Tri–Cities Servs.,* 125 P.3d 119, 130, 156 Wash.2d 168 (Wash. 2005) (internal quotation omitted).